IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER JASON PURKHISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-102 |
| | ) | |
| UNITED STATES JUDGE, | ) | |
| JUDGE HALL, Southern District of Georgia, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On June 30, 2021, Plaintiff submitted a complaint for filing but did not include the requisite motion to proceed *in forma pauperis* ("IFP") or pay the $402.00 filing fee. (See doc. no. 1.) That same day, the Clerk of Court issued a deficiency notice and served it on Plaintiff at his address of record. (See doc. no. 2.) That notice from the Clerk of Court explained the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1, and warned failure to correct the deficiency could result in dismissal. (See id.)

The deficiency notice and an order issued July 1, 2021, were returned as undeliverable because Plaintiff is no longer incarcerated at the address he originally provided. (See doc. nos. 3-5.) However, because Plaintiff submitted a change of address in a separate civil case, Purkhiser v. United States of America, CV 121-062, doc. no. 14 (S.D. Ga. July 16, 2021), in an abundance of caution, on July 23, 2021, the Court directed the Clerk to update Plaintiff's address in this case with the address provided in CV 121-062 and

reserve the deficiency notice with the appropriate attachment and the July 1st Order, (doc. nos. 2, 3), at the new address. (See doc. no. 6.) The Court also extended the deadline for compliance with the deficiency notice to August 13, 2021. (Id. at 2.) The time to respond has passed, and Plaintiff has not submitted an IFP motion or otherwise paid the filing fee. Nor has he provided the Court with any explanation why he has not complied with the Court's prior order and the Clerk's deficiency notice.

I.   Discussion

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's

Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an IFP motion, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with the Court's prior order and the Clerk's deficiency notice amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, as no portion of the filing fee has been paid, the Court finds that the imposition of monetary sanctions is not a feasible sanction. In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an IFP motion as required. Therefore, Plaintiff's case should be dismissed.

**II.     Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal IFP. Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or

argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

**III.   Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 23rd day of August, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA